

FILED

MAR 16 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10081 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-00110-JMR-1 |
| v. | |
| CESAR JIMENEZ-LOPEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
John M. Roll, District Judge, Presiding

Submitted March 13, 2012[**]
San Francisco, California

Before: WALLACE, D.W. NELSON, and BEA, Circuit Judges.

Cesar Jimenez-Lopez appeals from his conviction, by guilty plea before a

magistrate judge, of entry without inspection in violation of 8 U.S.C. § 1325.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Jimenez-Lopez claims that his December 7, 2009 group plea hearing violated his Fifth Amendment right to due process.

Although Jimenez-Lopez preferred to render his guilty plea pursuant to an individualized plea hearing rather than as part of a group plea proceeding, he voluntarily agreed to participate in the group proceeding so that he could make his plea and return to Mexico that same day rather than remain in custody while he waited for an individualized hearing. Requiring Jimenez-Lopez to choose between resolving his case immediately as part of a group and resolving it later in an individualized hearing did not violate due process. *See Brady v. United States*, 397 U.S. 742, 751 (1970); *see generally United States v. Kaczynski*, 239 F.3d 1108, 1115-16 (9th Cir. 2001) ("[In criminal proceedings,] being forced to choose between unpleasant alternatives is not unconstitutional.").

In addition, the magistrate judge did not violate Jimenez-Lopez's due process rights by accepting his guilty plea because the record contains "affirmative evidence that [Jimenez-Lopez] entered his plea knowingly and willfully." *See United States v. Diaz-Ramirez*, 646 F.3d 653, 658 (9th Cir. 2011); *see also Boykin v. Alabama*, 395 U.S. 238, 243 n.5 (1969) ("[I]f a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void."); *United States v. Escamilla-Rojas*, 640 F.3d 1055, 1062

2

(9th Cir. 2011) ("[T]he right to due process does not impose strict requirements on the mechanics of plea proceedings. Rather, the right simply requires the record to 'disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily.'") (quoting *Brady*, 397 U.S. at 747 n.4).

**AFFIRMED.**